**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-6610**

_____

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

JERITON LAVAR CURRY, a/k/a Cheese,

            Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:16-cr-00074-MOC-DSC-2)

_____

Submitted:  July 26, 2023                          Decided: September 14, 2023

_____

Before WYNN and RICHARDSON, Circuit Judges, and MOTZ, Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion. Judge Richardson dissents.

_____

Jeriton Lavar Curry, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeriton Lavar Curry appeals the district court's order denying his third motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). In his motion and in a response letter to the court, Curry asserted that several factors warranted his release, including the Bureau of Prison's handling of the COVID-19 pandemic at his facility, his elderly grandmother's deteriorating health, changes in relevant sentencing law, and increasing violence at his prison facility. The district court acknowledged that, under current law, Curry no longer qualified as a career offender. Nevertheless, citing Curry's offense conduct, criminal history, and disciplinary record while incarcerated, the court denied Curry's request for release. For the reasons that follow, we vacate the district court's order and remand for further proceedings.

Under § 3582(c)(1)(A)(i), a district court may reduce a defendant's term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." The court is "empowered to consider any extraordinary and compelling reason for release that a defendant might raise" in deciding whether to grant a defendant-filed motion. *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020) (cleaned up). The court must also consider the 18 U.S.C. § 3553(a) factors "to the extent that they are applicable." § 3582(c)(1)(A).

We review a district court's ruling on a compassionate release motion for abuse of discretion. *United States v. Kibble*, 992 F.3d 326, 329 (4th Cir. 2021). "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or

2

legal premises, or commits an error of law." *United States v. Dillard*, 891 F.3d 151, 158 (4th Cir. 2018) (internal quotation marks omitted).

Additionally, while there is no "categorical . . . requirement" that a district court explicitly address the movant's arguments or elucidate its reasoning, the court also errs if, in light of the particular circumstances of the case, its explanation is "[in]adequate to allow for meaningful appellate review." *United States v. High*, 997 F.3d 181, 187, 189 (4th Cir 2021); *see Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965 (2018) ("Just how much of an explanation [is] require[d] . . . depends . . . upon the circumstances of the particular case."). At bottom, the court must "set forth enough to satisfy [this] court that it has considered the parties' arguments and has a reasoned basis for exercising its own legal decision-making authority." *High*, 997 F.3d at 190 (cleaned up).

Here, the district court explicitly considered Curry's argument regarding his career offender status in denying his third motion for compassionate release. Additionally, the court addressed Curry's vulnerability to COVID-19 in denying his first two motions for compassionate release. Thus, the court's denial of Curry's third compassionate release motion was arguably sufficient to "implicitly" respond to the similar COVID-19-based-argument that Curry raised therein. *High*, 997 F.3d at 189. Nonetheless, the court's order does not reveal whether it considered Curry's remaining arguments, and, if so, on what basis it rejected those arguments. Accordingly, we can only speculate as to whether the court adequately and reasonably considered Curry's arguments and properly applied the governing law, or whether it abused its discretion.

3

We therefore vacate the district court's order and remand for further proceedings. We express no view as to the merits of Curry's compassionate release motion. We deny Curry's motion to supplement his appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*